**EVANS v. MISSOURI–KANSAS–TEXAS R. R. OF TEXAS.**

No. 13978.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 27, 1939.

Carpenter & Carpenter, of Dallas, for appellant.

Touchstone, Wight, Gormley, Strasburger & Price, of Dallas, for appellee.

BROWN, Justice.

Appellant brought suit in the Justice of the Peace Court against appellee Railroad Company for the recovery of damages on two counts. The first is for the killing of several sheep on its right-of-way, by one of appellee's trains, and the second, for cutting down a number of valuable pecan trees growing on appellant's land.

The case being tried to a jury, it was developed that appellant contracted with appellee Railroad Company as follows: that if appellee would furnish the materials and clear out a right-of-way for a fence, appellant would build a stock-proof fence, separating his lands from appellee's right-of-way and property.

Appellant wanted to pasture sheep on his farm, and could not do so with the old, inadequate fence that was then in existence along the right-of-way.

Before the fence was completed by appellant, he turned in his sheep and they strolled upon the right-of-way and several were found dead. Under such circumstances the Railroad Company could not be held liable for killing the sheep, unless it could be shown that the Railroad Company was guilty of negligence in killing them. No effort was made to show any act of negligence.

As to the damages occasioned by cutting the pecan trees, it was shown by undisputed evidence that the clearing made for the building of the fence was about six feet wide, and that the Southwestern Bell Telephone Company maintains a line of posts and wires that run along the said right-of-way line about two to two and one-half feet beyond and outside of the Railroad Company's right-of-way.

The evidence is meager and unsatisfactory concerning the number of pecan trees that were cut. No attempt was made to show how many of such trees were cut that were not within such an area as was reasonably necessary for the erection of the fence; nor was any attempt made to show how many such trees were cut that were not on the strip of land being used by the said Telephone Company, nor that the Telephone Company did not cut all or some of the trees. In other words, the testimony adduced was insufficient to support the giving of issues covering damages to the trees and a verdict for the plaintiff.

█ We hold that in a case of this kind, it was incumbent upon the plaintiff to adduce evidence showing how wide a strip was reasonably necessary for the building of the fence, and that the Railroad Company cut down pecan trees that were not growing upon such reasonably necessary space, and the number of such trees so destroyed. Appellant made no such proof and neither the court nor the jury could have found the necessary facts, under the proof made.

The trial court gave the jury a peremptory instruction to find for the defendant, and the plaintiff has appealed.

The judgment is affirmed.